# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Gavin                :

                                  :

         v.            :    No. 263 C.D. 2019

                                  :    SUBMITTED: November 14, 2019

County of Delaware Tax Claim Bureau  :

                                  :

Appeal of: BID Properties       :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## <u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: April 17, 2020**


This case comes before the Court on appeal of the orders of the Court of Common Pleas of Delaware County granting the petition of James Gavin to set aside and disapprove a real estate tax sale *nunc pro tunc* (Petition) and overruling the preliminary objection of Appellant, BID Properties, who had purchased the property in question at 120 S. Chester Pike, Glenolden, Delaware County (Property). For the reasons that follow, we vacate and remand for consideration of BID Properties' preliminary objection.

In September 2017, Gavin and the Delaware County Tax Claim Bureau entered into a written agreement (Agreement) which, in part, reflected that Gavin would deliver funds to the Bureau to stay the tax sale of multiple parcels, including the Property, scheduled for September 14, 2017. These preliminary funds would postpone the scheduled tax sale until a continued date of December 14, 2017. If the balance of taxes due were paid by December 14, the sale would be cancelled. If not,

the sale would go forward and Gavin, through his counsel, agreed that the Agreement was controlling and that no legal action would be filed challenging the sale, staying the sale, and/or otherwise claiming that proper notice was not provided under the Real Estate Tax Sale Law (Law).[1] On December 14, 2017, the Property was sold to BID Properties at an upset tax sale due to outstanding taxes. The sale was confirmed by the trial court on February 5, 2018 and the deed was recorded on March 20, 2018.

On May 21, 2018, nearly three months after the statutory deadline, Gavin filed his Petition. (Petition, ¶¶ 1-10, Reproduced Record "R.R." at 2-26a.[2]) In that petition Gavin avers that he made all necessary payments under the Agreement; attached as exhibits are receipts for payments related to properties on Irvington Road, Providence Road, Hunter Lane, Helms Manor, Secane Avenue, and Wynnbrook Road, as well as three unidentified documents listing various amounts. (Petition at Ex. B.) Gavin alleged that "[i]t ha[d] recently come to [his] attention . . . that the tax claim office did not credit any of [his] payments toward the property located under Folio # 21-00000356-00 as required and intended." (Petition, ¶ 6.) The Property, which was sold at tax sale for $101,000 to BID Properties, was estimated by Gavin to have an estimated market value in excess of $240,000. Gavin further alleged that allowing the sale to stand would "serve no legitimate purpose other than to allow the good faith purchaser to take advantage of the [original owner] and to deprive [him] of his financial security by way of the substantial equity in th[e] property." (Petition, ¶ 9.)

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803.

[2] The Reproduced Record only includes page numbers on the first page of each item included. Thus, some page numeration is omitted.

BID Properties filed a petition to intervene as the purchaser, which was granted. BID Properties filed a preliminary objection to the Petition in the nature of a demurrer and a memorandum of law. Gavin did not respond to BID Properties' preliminary objection. After a continuance, a hearing was held before the trial court. At the hearing, Gavin testified that he had paid all the taxes due before December 14, 2017. However, Janine Heinlein, an employee of the Bureau, testified that as of that date a balance of $6931.88 remained. Requests for admissions were read to Gavin, which were deemed admitted because of his failure to answer, including an admission that he had not made all the payments due under the Agreement, although he denied the accuracy of this statement. Gavin denied receiving any notice of the sale from the Bureau, but testified that he first learned of the sale in February of 2018 from a person he encountered at the Property. He offered no excuse for the delay in filing his Petition until the following May. Shortly after the hearing, the trial court entered two orders,[3] the first of which granted Gavin's Petition[4] and the second of which overruled BID Properties' preliminary objection.

BID Properties appealed the trial court's orders and the trial court directed the filing of a concise statement of errors pursuant to Pa. R.A.P. 1925. On December 19, 2018, the trial court filed an opinion requesting that the appeal be quashed due to lack of appellate jurisdiction or, in the alternative, that the matter be remanded to the trial court.

---

[3] The trial court's opinion erroneously states that it disposed of the Petition and preliminary objection in one order.

[4] As discussed below, the order regarding the Petition went well beyond permitting Gavin to proceed *nunc pro tunc*.

On appeal, BID Properties raises five questions which may be summarized as follows: (1) whether the trial court erred in granting the Petition because it was untimely and because there was a lack of supporting evidence; (2) whether BID Properties' preliminary objection should have been afforded separate hearings and been adjudicated prior to a determination of the Petition; and (3) whether the trial court deprived BID Properties of procedural due process by not affording it the opportunity to pursue the merits of its claim.

We first address the trial court's view that its order overruling BID Properties' preliminary objection and granting Gavin's Petition was interlocutory and therefore not appealable. We disagree. The order of the trial court granted the entirety of the relief sought by Gavin in his Petition: the setting aside of the tax sale and directing the Bureau to provide an accounting of all payments made in accordance with the agreement. (BID Properties' Br. at App. A; *compare with* Gavin's Petition, R.R. at 6a.) Insofar as such an order "disposes of all claims and of all parties" it is final pursuant to Rule 341(b)(3) of the Pennsylvania Rules of Appellate Procedure. Pa. R.A.P. 341(b)(3). Therefore, we have appellate jurisdiction.

Turning to the merits, in its Rule 1925(a)[5] opinion the trial court offered no explanation for proceeding to a hearing on the merits before acting on BID Properties' preliminary objection, nor any analysis explaining its decision to overrule them. We note that Gavin failed to file any response to the preliminary objection, and thus to the extent that facts were pled in the preliminary objection, they are to be deemed admitted. *See* Rule 1029(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1029(b) ("[a]verments in a pleading to which a responsive

---

[5] Pa. R.A.P. 1925(a).

4

pleading is required are admitted when not denied specifically or by necessary implication"). Similarly, the trial court made no findings of fact and offered no analysis supporting its decision to allow the Petition to go forward *nunc pro tunc*, let alone any findings or analysis of its grant of relief on the merits. Rather, it requested that, if appellate jurisdiction was found to exist, the case be remanded so that the trial court could essentially start anew. Although we might be able to decide the present appeal based solely on the burdens of proof attendant to the issues before us, we agree that remand is appropriate so that we can exercise further appellate review, if necessary, based on findings of fact rather than mere evidence, some of which is disputed, and we can consider the trial court's analysis in reaching its conclusions.

Accordingly, we vacate the trial court's orders denying BID Properties' preliminary objection and granting Gavin's Petition and remand for further findings of fact and conclusions of law based on the current record. First, the trial court shall determine whether this action should be allowed to proceed *nunc pro tunc*. If so, the trial court shall decide the preliminary objection. If these are overruled, BID Properties shall have the opportunity to file an answer to the Petition prior to the trial court proceeding on the merits.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Gavin                 :

                              :

         v.             :    No. 263 C.D. 2019

                              :

County of Delaware Tax Claim Bureau  :

                              :

Appeal of: BID Properties         :

# O R D E R

AND NOW, this 17th day of April, 2020, the orders of the Court of Common Pleas of Delaware County denying Appellant BID Properties' preliminary objection and granting Appellee James Gavin's petition to proceed *nunc pro tunc* and set aside tax sale are VACATED and the matter is REMANDED for further proceedings in accordance with the foregoing opinion.

Jurisdiction is relinquished.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge